

# THE ATTORNEY GENERAL.
## OF TEXAS

Gerald C. Mann

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:

Opinion No. O-1787
Re: Whether certain instruments must
be stamped under Article 7047e, V.C.S.
to be entitled to record.

In your letter of December 19, 1939, you request our opinion relative to Article 7047e, Vernon's Annotated Civil Statutes, being Senate Bill No. 24, 46th Legislature, in response to the following questions:

"1. If an obligation is secured primarily by chattels listed as being exempt, but also is secured by property of negligible value that is not listed as being exempt, should the instrument evidencing the lien be subject to being stamped?

"2. If an instrument is for a specified amount, and any and all future indebtedness, should the 'any and all future indebtedness' be considered when determining the amount of tax due?

"3. Should the term agricultural products be extended to foodstuffs in the stage of processing or curing when not owned by the producer? For instance: A bank takes a mortgage on 20,000 bushels of sweet potatoes owned by a produce company, potatoes being in a storage dehydrator plant. Would the instrument be subject to being stamped?

"4. A motor company "A" sells an automobile to "B", the chattel mortgage being properly taxed. "A" either repossesses the automobile, or agrees to a transfer of equity (presumably, there being no record of such repossession or agreement in the County Clerk's office), and sells same to "C". On the chattel mortgage given by "C" to "A" (which "B" does not sign), there is noted: 'Transfer of equity of "A"'. Should the latter chattel mortgage be taxed?

"5. Should stampes be placed on an instrument signed by a national bank acting in the capacity of executor of an estate or as a guardian?

"6. When a line instrument recites that a specified portion of the money borrowed has been or will be used for the payment of State, County, and/or City taxes, should the specified portion be deducted from the total to arrive at the amount to be taxed?

"7. If so, should a transfer of tax lien be recorded with the instrument, or would it make any difference whether or not the tax lien is recorded?"

The applicable part of said Article 7047e reads as follows:

"(a) Except as herein otherwise provided there is hereby levied and assessed a tax of Ten (10¢) Cents on each One Hundred ($100.00) Dollars or fraction thereof, over the first Two Hundred ($200.00) Dollars, on all notes and obligations secured by chattel mortgage, deed of trust, mechanic's lien contract, vendor's lien, conditional sales contract and all instruments of a similar nature which are filed or recorded in the office of the County Clerk under the Registration Laws of this State; provided that no tax shall be levied on instruments securing an amount of Two Hundred ($200.00) Dollars or less. After the effective date of this Act, except as hereinafter provided, no such instrument shall be filed or recorded by any County Clerk in this State until there has been affixed to such instrument stamps in accordance with the provisions of this section; providing further that should the instrument filed in the office of the County Clerk be security of an obligation tthat has property pledged as security in a State or States other than Texas, the tax shall be based upon the reasonable cash value of all property pledged in Texas in the proportion that said property in Texas bears to the total value of the property securing the obligation; and, providing further that, exxept as to renewals or extensions of accrued interest, the provisions of this section shall not apply to instruments given in renewals or extensions of instruments theretofore stamped under the provisions of this Act or the one amended hereby, and shall not apply to instruments given in the refunding of existing bonds or obligations where the preceding instrument of security was stamped in accordance with this Act or the one amended hereby; provided further that the tax levied in this Act shall apply to only one instrument, the one of the greatest denomination, where several instruments are contemporaneously executed to secure one obligation; and provided further that when once stamped as provieded-herein, an instrument may be recorded in any number of counties in this State without again being so stamped. This section shall not apply to instruments, notes, or other obligations taken by or on behalf of the United States or of the State of Texas, or any corporate agency or instrumentality of the United States, or of the State of Texas in carrying out a governmental purpose as expressed in any act of the Congress of the United States or of the Legislature of the State of Texas, nor shall the provisions of this section apply to obligations or instruments secured by liens on crops and farm or agricultural products, or to livestock or farm implements, or an abstract of judgment.

"If the amount secured by an instrument is not expressed therein, or if any part of the security described in any such instrument appears to be located without the State of Texas, the County Clerk shall require proof by written affidavits of such facts as may be necessary to determine the amounf of the tax due."

In our Conference Opinion No. 3061, dated June 17, 1939, addressed to you, we expressed the view that a mortgage is subject to the tax where the same is primarily upon real estate or chattels other than

livestock, farm or agricultural crops or products or farm implements although such mortgage also covers properties of the kinds last mentioned. It is our further opinion that it is immaterial as to which class of property included in the mortgage is greater in value. If the mortgage covers property other than crops, farm or agricutural products, livestock, or farm implements, then the same must be stamped to be entitled to record. Our answer to your first question is an affirmative one.

Since the statute provides no measure for laying the tax upon a mortgage securing "any and all future indebtedness" your second question is answered in the negative.

We answer your third question in the negative. The exemption was evidently intended for the benefit of the agricultural industry. We do not believe the Legislature contemplated that a mortgage should be relieved of the tax merely by reason of the fact that the property covered by the same had its origin in agriculture. Section 19 of Article 5 of the Constitution of Texas provides that "farm products in the hands of the producer . . . are exempt from all taxation." This section of the Constitution would not, of course, apply to the question before us, since the tax levied by said Article 7047e is not upon the property included in a mortgage but is upon the privilege of recording such an instrument. However, it is a matter of common knowledge that in many if not nearly all instances the costs involved in recording mortgages are as a practical matter borne by the mortgagor, and we think it not at all improbable that the Legislature was giving effect to the spirit of Section 19 of Article 8 of the Constitution when the exemption here involved was placed in said Article 7047e. In our said Conference Opinion No. 3061 we held that the exemption of farm implements was intended to apply to implements used for farming purposes and was never intended to apply to an implement which had never come into the hands of a person who would devote it to a farming purpose. We regard our answer to your third question as being in accord with that holding.

We do not fully understand your fourth question. We understand from the same that "C" executes a new mortgage to "A" who presents the same for record. If "A" had repossessed the automobile from "B" under authority given in the first mortgage and sold to"C" under the powers also contained therein or with the consent of "B" then, of course, the first mortgage has been extinguished and the mortgage given by "C" to "A" is to all intents and purposes a new mortgate and would be required to be stamped in accordance with the Act. The same would be true if by consent of all parties upon a sale from "B" to "C" of the former's equity in the automobile, the first mortgage is cancelled and "C" gives to "A" a new mortgage. If this does not answer your question, please explain more fully the problem with which you are concerned.

Addressing ourselves to your fifth question, it is pointed out that the Act itself would not exempt an instrument taken by an instrumentality of the United States unless the same be taken in carrying out a governmental purpose. Such Act contains no exemption of instruments signed by National banks. We have heretofore expressed the opinion that National banks are exempt from paying the taxes levied under Article 7047e, Vernon's Annotated Civil Statutes. Opinion No. 0-1486, addressed to Hon. Tom S ay, County Attorney, Amarillo, Texas. In that opinion we directed attention to the fact that such exemption comes from the inability of the State to levy such tax against National banks. The tax is levied upon the recording of lien instruments and the person ordinarily presenting the same to the clerk for recording would be the mortgagee. It does not appear from your question that the mortgagee is an instrumentality of the United States. The mere fact that a mortgafe is signed by a National bank acting in the capacity of executor of an estate or as a guardian would not entitle it to be exempt from the requirement of being stamped as provided in said Article 7047e.

The use to which the proceeds of a mortgage may be put has no bearing upon the question as to whether the mortgage must be stamped in order to be recorded. Even though the mortgage be taken upon property which the taxes so paid were against such instrument must still be stamped as provided in the Act. The average deed of trust or chattel mortgage confers widely different rights from those usually acquired through subrogation to a tax lien. Since we answer your sixth question by saying that the amount to be used for the payment of taxes should not be deducted from the total to arrive at the amount to be taxed, it becomes unnecessary to answer your seventh question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:N:egw

APPROVED JAN 23, 1940
/s/ G rald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved
Opinion Committee
By B W B
Chairman